UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | Mag. Case No. 21-MJ-3 (GMH) |
| : | |
| ZACHARY JACKSON, : | |
| : | |
| **Defendant.**  : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E), 18 U.S.C. § 3142 (d)(1)(A)(ii), and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

The defendant is charged by Criminal Complaint dated January 1, 2021 with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's arraignment and initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends immediately to proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case demonstrates that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

The first factor for the Court's consideration, the nature and circumstances of the offense charged, weighs in favor of detention. On Thursday, December 31, 2020, at approximately 10:00 p.m., members of the Metropolitan Police Department (MPD) Gun Recovery Unit (GRU) were on

2

patrol in the Simple City neighborhood when they observed the defendant Zachary Jackson, walking on Falls Terrace toward Alabama Avenue, in Southeast, Washington, DC.  When officers attempted to approach the defendant, he immediately took off on foot, fleeing from the officers. As the defendant ran, officers observed him with his left arm swinging freely while his right arm and shoulder remained stationed around his waistband, as if he were reaching into that area. During the brief foot pursuit, officers momentarily lost sight of the defendant, but as soon as they regained sight of him, the officers observed the defendant make a tossing motion with his arm.   In response, and based on their observations, officers called out that the tossed object may have landed on a nearby roof.

Immediately after the toss, the defendant fell to the ground.  At the defendant's feet officers found a cardboard box of ammunition as well as three loose rounds of ammunition.  A search of the defendant revealed additional ammunition in the defendant's right front pocket.   DC Fire and EMS responded to the scene to assist in the search for a weapon in the area where officers observed the defendant make the tossing motion.  With the assistance of a ladder truck, Officer Minzak went to the top of 4400 E Street, SE, where he recovered a firearm.

The recovered firearm was a Glock 17 with a serial number of BFEF180 and it had one 9mm round in the chamber and 12 9mm rounds in the magazine.



*Photograph of the firearm, ammunition, and magazine.*

### B.     Weight of the Evidence against the Defendant

The second factor for the Court's consideration, the weight of the evidence, also wholly weighs in favor of detention. The evidence against the defendant is strong.  After officers attempted to approach the defendant, he took unprovoked flight, at which point the police saw him swinging one harm freely with the other planted on his waistband-area, as if he were reaching into that area.  While the officers briefly lost sight of the defendant, as soon as they regained a sightline, they saw the defendant make a swinging motion with his arm and appearing to throw an object on top of a nearby rooftop.   Thus, it was no surprise, that when Officer Minzak scaled one of the nearby buildings with the aid of a DC Fire ladder, he recovered a loaded firearm. Notably, too, on the defendant's person were several rounds of loose ammunition.

### C.     The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weigh in favor of his detention.  At bottom, the defendant presently is pending sentencing for one attempted armed robbery case and is on supervision for another.  Namely, the defendant is pending sentencing in Case Number 2015 CF3 2512, which presently is scheduled for March 16, 2021.

4

For that crime, as spelled out in the Proffer of Facts signed by the defendant, on February 19, 2015, he and an accomplice robbed two unsuspecting individuals at gunpoint. Specifically, after exiting a vehicle, the defendant and his accomplice approached a man and woman and instructed them not to move, before removing the man's wallet from his person and grabbing the woman's purse off her shoulder. Immediately thereafter, the defendant and his accomplice fled from the scene. At the time of the defendant's arrest, he was found assorted items belonging to the victim.

The defendant also is on supervision in Case Number 2016 CF3 2996, for which the Court sentenced defendant to 12 months incarceration and three years of supervised release. For that crime, as spelled out in the Proffer of Facts signed by the defendant, on December 12, 2015, he and two friends purchased Nike sneakers from two female complaining witnesses using counterfeit currency. Minutes later, when the women realized, they attempted to approach and confront the defendant and his two accomplices who still were nearby, at which point the women were told to go away and one of the men brandished a firearm – a silver revolver, prompting the women to leave the area. Then, three days later, officers were on patrol when they attempted to stop the defendant before he fled on foot, during which flight, the defendant tossed a firearm from his waistband. That firearm was a silver revolver.

In addition to those two offenses, the defendant also has been convicted of yet another attempted robbery with a weapon, in Case Number 2013 CF3 020897. For that crime, as outlined in the Proffer of Facts signed by the defendant, he and two accomplices were inside the Fort Benning Metro Station, when they put on black face masks and approached a the complaining witness. One of the men pulled out a black BB pistol and the defendant stated, "give me all your stuff," before grabbing the iPhone cellular device the victim had in their hand. After robbing the

victim, defendant and his accomplices fled on foot.

Thus, the instant matter constitutes at least the defendant's *fourth* offense involving a firearm.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The defendant has a criminal history that is gravely concerning to the Government, including at least three prior convictions for crimes involving firearms or weapons where, during each one, he or one of his accomplices has used a firearm in furtherance of their criminal activity. Even more, the defendant is pending sentencing for one of those crimes and remains on supervision for another. The defendant's brazen and blatant lack of respect or court orders, namely, his apparent disregard for any form of supervision, especially given his most recent gun charge, demonstrates that there is no condition or combination of condition that would ensure the safety of the community at this time. In sum, the defendant's criminal history and possession of a loaded semi-automatic firearm in the instant case, militates his detention.

Therefore, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                Respectfully submitted,

                MICHAEL R. SHERWIN
                ACTING UNITED STATES ATTORNEY
                New York Bar No. 4444188

By:   /s/ *Kelly L. Smith*
                Kelly L. Smith
                New York Bar No. 5321971
                Assistant United States Attorney
                Federal Major Crimes Section
                United States Attorney's Office for D.C.
                555 Fourth Street, N.W., Fourth Floor
                Washington, D.C. 20530
                E-mail: Kelly.Smith@usdoj.gov
                Telephone: (202) 436-5921

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Eugene Ohm, Esq., this 4th day of January 2020.

                /s/
                Kelly L. Smith
                Assistant United States Attorney